JAMES T. ANYON, SAMUEL H. LEVER, ALLEN R. SMART
AND EDWARD E. GORE, A CO-PARTNERSHIP, DOING
BUSINESS UNDER THE FIRM NAME AND STYLE OF
BARROW, WADE, GUTHRIE & CO.

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

CONTRACTS—*when law will imply promise on part of State to pay.*
Where a duty is imposed by law upon an officer, and moneys in-
sufficient in amount are appropriated for the performance of the
duty, the officer is justified in performing the duty, and expenses
incurred thereby, are a proper charge against the political body
choosing such officer.

Glenn B. Plumb, for Claimants.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

Claimants allege in their declaration, that on the
11th day of August, 1913, they were engaged and em-
ployed by the State of Illinois, through Paul Matthews,
then acting as Department and Institution Auditor of
the State of Illinois, to audit and verify the posses-
sions, character and amount of the securities on de-
posit with the Superintendent of Insurance at the close
of the business on the 9th day of August, 1913; and to
list, inspect and report the amount of each item there-
of, and to audit the disbursements of funds appro-
priated for the use of the office from the first day of
January, 1911, to the 9th day of August, 1913, and
to audit the income of the insurance department and
verify the dispositions made thereof from the first day
of January, 1911, to the 9th day of August, 1913, and
to report to the Superintendent of Insurance the re-
sults of their work when fully completed.

Their employment was concurred in by Rufus M.
Potts, then Superintendent of Insurance of the State
of Illinois, and by the State Auditor through W. H.
Eubanks, then chief clerk in the office of the State

Auditor, who had the authority to execute and approve contracts by and on behalf of the State Auditor. Claimants by the arrangement of employment were to receive as the consideration for their services, payment upon a per diem basis, together with their traveling and hotel expenses.

The evidence shows, that claimants duly and faithfully performed all the services as per terms of their contract, and made and rendered to the Department and Institution Auditor and the Superintendent of Insurance their audit reports and accounts in accordance with the terms of their employment, and presented their claim to the Department and Institution Auditor and to the Superintendent of Insurance for the State, for their services rendered, in the sum of $3,293.89; the same was approved by the Institution Auditor and the Superintendent of Insurance as being in accordance with the terms of their employment, and just and reasonable in all respects.

Claimants have not received any payment on account of their claim, and the reason this claim has never been paid is, that there was no appropriation available out of which it could be paid. We award claimants the sum of three thousand two hundred ninety-three dollars and eighty-nine cents ($3,293.89).